Filed 1/12/26  In re G.H. CA4/2
Opinion following transfer from Supreme Court

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

| | |
|---|---|
| In re G.H., a Person Coming Under the Juvenile Court Law. | |
| RIVERSIDE COUNTY DEPARTMENT OF PUBLIC SOCIAL SERVICES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>L.C.,<br><br>Defendant and Appellant. | E080501<br><br>(Super.Ct.No. SWJ1700118)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  Donal B. Donnelly,

Judge.  (Retired judge of the Imperial Super. Ct. assigned by the Chief Justice pursuant to

art. VI, § 6 of the Cal. Const.)  Conditionally reversed.

Liana Serobian, under appointment by the Court of Appeal, for Defendant and

Appellant.

Minh C. Tran, County Counsel, Teresa K.B. Beecham and Prabhath Shettigar,

Deputy County Counsel, for Plaintiff and Respondent.

1

L.C. (father) appeals from the juvenile court's order terminating parental rights as to his child, G.H. (the child).  Father's sole contention on appeal is that the juvenile court and the Riverside County Department of Public Social Services (DPSS) failed to comply with the duty of inquiry under the Indian Child Welfare Act of 1978 (25 U.S.C. § 1901 et seq.) (ICWA) and related California statutes, particularly Welfare and Institutions Code[1] section 224.2, subdivision (b).  Specifically, he argues that DPSS failed to comply with the duty of initial inquiry by not inquiring of all available extended relatives about the child's potential Indian ancestry.  We filed an opinion affirming on the ground that the duty did not apply since the child was taken into custody pursuant to a protective custody warrant under section 340.

The Supreme Court granted review and subsequently transferred the case back to this court with directions to vacate our prior opinion and reconsider the cause in light of *In re Ja.O.* (2025) 18 Cal.5th 271 (*Ja.O.*).  We vacated our opinion and directed the parties to file supplemental briefs, limited to matters arising after this court's previous opinion was filed.

In their supplemental briefs, the parties agree that the matter must be conditionally reversed for DPSS to conduct a sufficient ICWA inquiry of father's available extended

---

[1]  All further statutory references will be to the Welfare and Institutions Code unless otherwise indicated.

2

relatives. We conditionally reverse and remand to allow DPSS to conduct a proper ICWA inquiry but otherwise affirm.

PROCEDURAL BACKGROUND

On March 1, 2021, DPSS received a referral alleging general neglect. It was reported that A.H. (mother)[2] gave birth to the child prematurely, and they both tested positive for THC. Mother reported that she smoked marijuana a month prior to giving birth. She also had a prior dependency history with another child due to her drug use. The child stayed in the Neonatal Intensive Care Unit (NICU) for weeks.

DPSS submitted a request for a protective custody warrant (§ 340) for the child from the Riverside County Juvenile Court and attached a probable cause statement which described the social worker's investigation into the matter. The statement reflects that, in attempting to locate father, the social worker spoke with paternal aunt, K.C. On April 21, 2021, DPSS obtained a warrant and placed the child in protective custody.

On April 26, 2021, DPSS filed a section 300 petition on behalf of the child, alleging she came within the provisions of subdivision (b) (failure to protect). DPSS attached a Judicial Council Forms, form ICWA-010(A), to the petition stating that ICWA inquiry had not been completed since mother and father (the parents) had not made themselves available to DPSS.

The social worker filed a detention report and indicated that ICWA may apply, noting that mother and father had not made themselves available to provide ICWA

---

[2] Mother is not a party to this appeal.

3

information. The social worker further reported that, on March 16, 2021, mother agreed to meet with her; however, when the social worker arrived at the residence, the maternal aunt refused to let her into the home.

The court held a detention hearing on April 27, 2021, and the parents were present. The court found father to be the presumed father of the child. Father and mother each filed a Judicial Council Forms, form ICWA-020, stating that he/she had no Indian heritage. The court found that pursuant to their statements, ICWA did not apply to this case and the child was not an Indian child. The court detained the child in foster care and set a jurisdiction/disposition hearing.

The social worker filed a jurisdiction/disposition report on May 13, 2021, and indicated the court had determined that ICWA did not apply at the detention hearing. The social worker reported that the child was still in the hospital. She also noted that the parents refused to make themselves available during the initial investigation. Furthermore, they had not made themselves available to be interviewed for the jurisdiction/disposition report.

The court held a contested jurisdiction hearing on June 21, 2021. Father submitted on the petition. The court sustained the petition, with a minor amendment, and adjudged the child a dependent of the court. The court again found that ICWA did not apply because the child was not an Indian child. The court removed the child from the parents' custody, denied reunification services to mother pursuant to section 361.5, subdivision (b)(10), and ordered reunification services for father.

4

The social worker filed a six-month status review report on November 16, 2021, and recommended that the court terminate services and set a section 366.26 hearing. The social worker stated that on November 3, 2021, father reported he did not have Native American Ancestry, mother had not made herself available to inquire if she had Native American ancestry, and there was no new information to indicate that ICWA applied to this case.

The court held a contested six-month hearing on December 22, 2021, found that father had made minimal progress in his case plan, terminated his reunification services, and set a section 366.26 hearing.

The social worker filed a section 366.26 report and stated the court found ICWA did not apply to this case at the June 21, 2021 hearing, and there was no new information to indicate that ICWA may now apply. The social worker also noted that during this reporting period, there was no contact from mother or father.

On May 5, 2022, the social worker filed a Due Diligence Declaration indicating that DPSS located father, and he provided an address and phone number. The social worker reported that, in her attempts to locate father, she spoke with the paternal grandmother and a paternal uncle, on the phone.

The court held a contested section 366.26 hearing on December 15, 2022, terminated parental rights, and ordered adoption as the permanent plan.

DISCUSSION

The Matter Should Be Remanded for DPSS to Ask Extended Family Members About the

Child's Potential Indian Ancestry

Father argues that DPSS failed to comply with the duty of initial inquiry under section 224.2 by not inquiring of "all available and identified relatives" about the child's potential Indian ancestry.  In its supplemental brief, DPSS concedes that, in light of *Ja.O.*, *supra*, 18 Cal.5th 271 and Assembly Bill 81, reversal and remand for the limited purpose of interviewing the maternal aunt, paternal grandmother, the paternal aunt, and the paternal uncle is appropriate.  In his supplemental brief, father similarly requests a limited remand for the purpose of interviewing these relatives, plus one additional paternal aunt.  We will conditionally reverse the order terminating parental rights and remand for DPSS to conduct a proper inquiry of any available extended relatives.

A.  *ICWA Law*

"ICWA establishes minimum federal standards that a state court must follow before removing Indian children from their families.  [Citation.]  California law implementing ICWA also imposes requirements to protect the rights of Indian children, their families, and their tribes."  (*In re Ricky R.* (2022) 82 Cal.App.5th 671, 678 (*Ricky R.*).)  DPSS and the juvenile court have an "affirmative and continuing duty to inquire" whether a child in a dependency proceeding "is or may be an Indian child."  (§ 224.2, subd. (a).)  "The duty to inquire consists of two phases — the duty of initial inquiry and the duty of further inquiry."  (*Ricky R.*, at p. 678.)  We note that this case does not

6

concern the duty of further inquiry, which arises only if the court or the department has "reason to believe that an Indian child is involved." (§ 224.2, subd. (e).)

The duty of initial inquiry begins with the initial contact when DPSS must ask "the party reporting child abuse or neglect whether the party has any information that the child may be an Indian child." (§ 224.2, subd. (a).) This duty expands under section 224.2, subdivision (b)(2), when a child is removed from his/her home. "Subdivision (b) of former section 224.2 expressed the county welfare department's inquiry duty as follows: 'If a child is placed into the temporary custody of a county welfare department pursuant to Section 306 . . . the county welfare department . . . has a duty to inquire whether that child is an Indian child. Inquiry includes, but is not limited to, asking the child, parents, legal guardian, Indian custodian, extended family members, others who have an interest in the child, and the party reporting child abuse or neglect, whether the child is, or may be, an Indian child.'" (*Ja.O.*, *supra*, 18 Cal.5th at p. 282.) Extended family members include adults who are the child's stepparents, grandparents, siblings, aunts, uncles, nieces, nephews, and cousins. (§ 224.1, subd. (c)(1).)

Courts of appeal disagreed on "whether this duty arises whenever a child is placed into a county welfare department's temporary custody, or only when a child is placed into a department's temporary custody after being removed from the home without a warrant." (*Ja.O.*, *supra*, 18 Cal.5th at p. 277.) However, effective September 2024, Assembly Bill 81 (2023-2024 Reg. Sess.) (Stats. 2024, ch. 656), amended section 224.2. As amended, section 224.2, subdivision (b)(2), now provides in relevant part: "'If a child is . . . *received and maintained in temporary custody of a county welfare department*

7

*pursuant to paragraph (1) of subdivision (a) of Section 306, or taken into or maintained in the temporary custody of a county welfare department pursuant to paragraph (2) of subdivision (a) of Section 306, or if they were initially taken into protective custody pursuant to a warrant described in Section 340, the county welfare department . . . has a duty to inquire whether that child is an Indian child.'"*

Essentially, Assembly Bill 81 "amended former section 224.2 to add language specifying that the extended-family inquiry duty applies whenever a child is placed into a county welfare department's temporary custody, regardless of how the child is removed from the home." (*Ja.O.*, *supra*, 18 Cal.5th at pp. 277.) Our Supreme Court recently held that Assembly Bill 81 clarified, rather than changed, the law, and therefore this duty applies in all cases, including cases that pre-date the enactment of Assembly Bill 81. (See *Id.* at pp. 281-282, 291.)

B. *DPSS Failed to Comply With Its ICWA Duty of Initial Inquiry*

DPSS failed to inquire of several extended family members who were reasonably available in this case. DPSS had contact with a maternal aunt, the paternal grandmother, two paternal aunts, and a paternal uncle.[3] However, there is no evidence that it asked those relatives about the child's possible Indian ancestry. DPSS erred by failing to discharge its duty of initial inquiry with respect to those extended family members.

Thus, there is insufficient evidence to support the court's implied finding that DPSS conducted an adequate and proper ICWA inquiry. We therefore conditionally

---

[3] The record includes the specific name of only one of the paternal aunts (K.C.) Nonetheless, the record indicates DPSS had contact with the other enumerated relatives.

8

reverse the order terminating parental rights and remand for DPSS to conduct a proper inquiry. (*In re Dezi C.* (2024) 16 Cal.5th 1112, 1141.)

DISPOSITION

We conditionally reverse the order terminating parental rights. We remand the matter to the juvenile court with directions to comply with the inquiry provisions of ICWA and of sections 224.2 and 224.3 — and, if applicable, the notice provisions as well — consistent with this opinion. If, after completing the inquiry, neither DPSS nor the court has reason to know that the child is an Indian child, then the court shall reinstate the order terminating parental rights. If DPSS has reason to know the child is an Indian child, the court shall proceed in conformity with ICWA and related California law.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS
J.

We concur:

CODRINGTON
Acting P. J.
RAPHAEL
J.

9